## Ulrich, Guardian, Appellant, *v.* Weiss et al.

*Beneficial associations—Death benefits — Constitution — Death through intemperance.*

In an action to recover the amount due on a beneficial certificate, the plaintiff cannot recover, where the constitution provides that no death or funeral benefits shall be paid where death was the result of intemperance, and it is admitted that the deceased member died of alcoholism. The fact that the member had not been expelled from the society because of his intemperate habits, does not estop the association from refusing the benefits in accordance with the provisions of its constitution.

Argued December 6, 1920. Appeal, No. 158, Oct. T., 1920, by plaintiff, from judgment of C. P. Lehigh County, Jan. T., 1918, No. 3, dismissing bill in equity in case of John O. Ulrich, guardian of Norman F. Trine and Millard U. Trine, v. John F. Weiss, Walter H. Sitler, D. N. Leiby, E. K. Gildner, James L. Kerschner, Samuel T. Waidelich and Clarence G. Krauss, who are associated with other persons under the joint title of the New Tripoli Grand Council, No. 204, Jr. O. U. A. M. Before

184    ULRICH, Guardian, Appellant, *v.* WEISS.

Statement of Facts—Opinion of the Court. [76 Pa. Superior Ct.
ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER,
KELLER and LINN, JJ.    Affirmed.

Bill in equity to compel payment of death benefits.
Before GROMAN, P. J.

The facts are stated in the opinion of the Superior
Court.

The court dismissed the bill.    Plaintiff appealed.

*Error assigned* was the order of the court.

*J. O. Ulrich,* for appellant.—The failure of the de-
fendant to expel the deceased because of his intemperate
habits amounted to a waiver and it is liable for benefits:
29 Cyc. 193; Modern Woodmen v. Lane, 86 N. W. 943;
Wheeler v. Accident Fund, 5 Lack. Legal Notes 97;
Baranowski v. Baltimore Mutual Aid Society, 3 Pa.
Superior Ct. 367; Knights of Pythias v. Kalinski, 163
U. S. 289.

*Thomas F. Deifenderfer,* and with him *Francis J.
Gildner,* for appellees.

OPINION BY HEAD, J., March 5, 1921:

The unusual manner in which this case was tried and
in which the record for the purposes of this appeal was
made up, renders it impossible for this court to satisfac-
torily consider several important questions involved in
the case.    Of the many exhibits offered in the court
below, not a single one is printed.    The learned counsel
for appellant seems to have been concerned with a single
question raised by a state of facts not at all in dispute.
The individuals named in the bill as it was filed in the
court below, were members of an unincorporated asso-
ciation or society, under the joint title of "New Tripoli
Grand Council No. 204, Junior O. U. A. M."    It is al-
leged that the father of the minor children represented
by the guardian had been a member of that body and re-

tained his standing therein until the time of his death, having paid all dues or assessments lawfully demandable from him while he lived. The purpose of the bill was to recover certain death benefits which, it was alleged, the society was lawfully obliged to pay but had refused to recognize that obligation. It appears to have been a conceded fact in the case, so accepted by the learned chancellor "that under the constitution and by-laws of said council and of the funeral benefit department, no death or funeral benefits could be paid where death was the result of intemperance." It is also an admitted fact in the case that the deceased member did actually die of alcoholism and that the proofs of death furnished by those representing him affirmatively so showed. Notwithstanding these facts, the learned counsel for the appellant seriously contends the society is estopped to defend on that ground because the habits of the deceased were well known to many, perhaps to all, of the individuals composing the small local council; and having, in the face of that knowledge, continued to accept and retain dues from the member, it is not now competent for them to make defense on the ground indicated. There are several answers to the proposition. The first one is, that notwithstanding the ragged condition of the record, it seems reasonably plain that the sum of money claimed, if payable at all, was to come from a larger organization spoken of as the funeral benefit department, and that the obligation of the local council was only to pay over to the representatives of a deceased member such sum as it should receive from the funeral department. In the case at bar no sum of money was received by the local council and hence, as they claim, their obligation to pay in no event arose. Conceding for the sake of argument, that the local council might have under its rules and by-laws expelled the deceased member during his lifetime because of his habits, it does not follow that their failure to enforce a drastic remedy, made for their protection, should work the result of expunging from the constitution of

Opinion of the Court.    [76 Pa. Superior Ct.

the society a provision forbidding the payment of a benefit to a member who died as the result of intemperance. The members of the council who knew of his habits might have cherished the hope that he would be able to successfully overcome his weakness.    At all events, even if he continued to be addicted to drink but died as the result of an accident or other cause in no way connected with, or superinduced by his habits, the obligation to pay could not successfully be defended against.    He took the chance that if he persisted in those habits until he brought about his own death because of them, there would be no obligation on the part of anybody to pay a benefit because of his death.    It is plain to us that the record presents no case of an estoppel which would deprive the defendants from protecting their society to the extent clearly required by obedience to the provisions of its written constitution.

The appeal is dismissed at the costs of the appellant and the record remitted to the court below with direction to enter a decree dismissing the bill.